## United States District Court
## Northern District of Alabama
## Southern Division

FILED
01 JAN -4 PM 1:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

**Shirley Tyra,** ]
]
   Plaintiff, ]
]
vs. ] CV-98-N-2055-S
]
**United Parcel Service,** ]
]
   Defendant. ]

ENTERED
JAN 0 4 2001

**Memorandum of Decision**

This matter is presently before the court for consideration of the report and recommendation filed by the magistrate judge on November 28, 2000, [Document No. 32] and the objections thereto filed by the plaintiff on December 15, 2000. [Document No. 35] Judge Ott recommended that the defendant's motion for summary judgment be granted in all respects and the plaintiff objects. Inasmuch as the plaintiff has objected to virtually every aspect of the report and recommendation, sometimes employing an unfortunate style that suggests a want of proper respect for the magistrate judge, the court has carefully considered the entire file in this matter *de novo*.[1] Upon such consideration, the defendant's motion for summary judgment will be granted and the action will be dismissed.

Of the claims asserted in the original complaint, only two remain. First, Ms. Tyra claims that UPS intentionally discriminated against her on the basis of her race when it

---

[1] Counsel might do well to review his dictionary and commit to memory the meaning of the word tact. "A keen sense of what to do or say in order to maintain good relations with others or avoid offense." He might also learn that "overlook" is a kinder, gentler, and more tactful use of the English language than is "ignore."



refused to write a letter of recommendation that was a prerequisite to her transfer to a UPS location in Seattle, Washington, where she could have been near her husband. Second, in a claim that, as noted by the magistrate judge, is not clearly stated in the complaint, the plaintiff claims that she was constructively discharged because UPS, by refusing to give her the recommendation, caused her to continue to live separate and apart from her husband, a circumstance she alleges was intolerable.[2]

The plaintiff objects first that the magistrate judge should not have *sue sponte* prompted the parties to address the question of whether she could survive the summary judgment motion on her *prima facie* claim. According to the plaintiff, once the defendant addressed its own asserted nondiscriminatory basis for its conduct, the question of a *prima facie* case was no longer a matter for consideration. The court disagrees. Though having acquired some characteristics of such, litigation is not a game in which the side with the cleverest lawyer always wins, notwithstanding our professed concerned for the justice of the case. It is instead a search for a just outcome.

The simple truth here is that Judge Ott, recognizing that there were legitimate concerns about the viability of the plaintiff's *prima facie* case, invited the parties to address the issue. They did so and he then proceeded to do so. In the opinion of the court, it was quite proper for him to consider that issue in the manner that he did.

---

[2] This claim provides yet another example of the continuing folly that is notice pleading, in which no person is even required to have a lawsuit or a defense, much less reveal what the claim or defense is, before coming into court. A former chief judge of this court aptly likened notice pleading to the effort to nail a clump of jello to a tree. One simply cannot get a handle on it. In any event, this so-called constructive discharge claim is so clearly intertwined with the intentional discrimination claim that they cannot be separated. In essence, on this claim, the plaintiff presents the novel argument that even if she loses on her direct discrimination claim, UPS was still required to write her a letter of recommendation in order to avoid constructively discharging her.

The plaintiff correctly notes that the *prima facie* case requirement is not an onerous one and that it should not be applied mechanically to unusual circumstances in which a plaintiff would find it difficult to identify a viable comparator. That, of course, is correct, but to say that the *prima facie* case requirement is not onerous is not to say that it can simply be written out of the law. It cannot be. The plaintiff wishes to focus on the particular facts of her own case: ie., she needed and wanted a recommendation so that she would have an opportunity to join her husband in Seattle and the defendant refused to give her the recommendation. With respect, that argument focuses too tightly on the recommendation she desired. The better focus is on other similarly situated employees either with actual job performance issues or genuinely perceived performance issues who were not provided with the means by which they were able to take advantage of job opportunities that were matters of personal convenience.

When the examination is so focused, it becomes abundantly clear that Ms. Tyra has not identified any similarly situated employee outside her protected class who was treated better than was she. She has not created a genuine issue of material fact on this issue that will permit her to avoid judgment as a matter of law on this claim.

Next, Ms. Tyra argues that the defendant's proffered legitimate nondiscriminatory reason for refusing her a letter of recommendation is unworthy of belief and, therefore, she is entitled to present her case to a jury. This argument is unavailing. By Ms. Tyra's own evidence, it is clear that she did, in fact, have a number of job performance issues, particularly as they related to the proper loading and routing of packages consigned to UPS for delivery to distant locations. The record establishes that she was a given a poor performance rating for the last six months of calendar 1995 and the first six months of

calendar 1996. When questioned by telephone in April 1996 about a "Next Day Air" package that had been misrouted, Ms. Tyra refused to discuss it because she was not then "on the clock."

Moreover, even to the extent that the plaintiff questions whether she actually suffered from poor job performance, there is no genuine issue with regard to Rhodes's reasonable belief that she did in fact perform her job duties poorly. That, standing alone, would be sufficient to entitle UPS to summary judgment on this claim.

Finally, the plaintiff asserts that the magistrate judge improperly ruled against her on the constructive discharge claim even though the defendant did not move for summary judgment on that claim. As noted above, this claim necessarily depends upon the outcome of the disparate treatment claim. If the plaintiff loses there, she loses here. She lost there; she loses here.

By separate order, the defendant's motion for summary judgment will be granted and the action will be dismissed.

Done, this 4th day of January, 2001.

Edwin Nelson
United States District Judge